JOHN COLWELL

*v.*

RUTH W. BROWER.

1. ESTOPPEL — *fraudulently inducing officer to levy on party's property as that of another.* Where a person in possession of a piano belonging to a defendant in execution, also had one of her own very much resembling it, both of which were boxed for shipment, and when called on by the officer to point out that belonging to the defendant, so acted as to induce the officer to levy upon her own, so that she might fraudulently ship the other, and thus defeat the collection of the execution, it was *held,* in replevin by her for her piano, that she was estopped from denying that it belonged to the defendant in execution, and claiming it as her own.

2. SAME — *jury should consider all the circumstances and the actions of the parties on question of fraudulent intent to defeat a levy.* In replevin for a piano levied upon under execution, which belonged to the plaintiff, and which she fraudulently induced the officer to levy upon to prevent a levy on one belonging to the defendant in execution, the court refused an instruction for the defendant, that it was the duty of the jury to take into consideration all the facts and circumstances surrounding the case as disclosed by the evidence,— the action of the parties at the time of the taking of the piano, both preceding and subsequent to the taking, the motives and objects of the parties, whether or not the plaintiff was in a frame of mind that would dispose her to remove the piano belonging to the defendant in execution from the county, and whether or not she was seeking to prevent a levy on that piano, or was disposed to do so, and whether or not the officer was seeking in good faith to make a levy upon that piano: *Held,* that it ought to have been given.

3. PRACTICE — *right of defendant to open and close case.* The party hold-ing the affirmative of the issues has the right to open and close the case to the jury. In replevin for property levied upon by an officer, under execu-tion, as belonging to the defendant in execution, where the defendants plead facts to estop the plaintiff from claiming the property, or denying that it belonged to the defendant in execution, which were denied by the plaintiff, it was *held,* that the defendant had the right to open and close the case.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action of replevin, brought by Ruth W. Brower against John Colwell, to recover the possession of a piano, claimed by the plaintiff.

The defendant pleaded five pleas, which were in substance as follows:

1. That the goods were not the goods of the plaintiff, but were the goods of one George Buckley, against whom the de-fendant and A & B had recovered a judgment before a justice of the peace for $62, etc., and that on, etc., an execution was issued on said judgment by the said justice of the peace, and placed in the hands of a constable of said county, under and by which, said constable levied upon said goods and chattels as the property of said Buckley.

2. That on, etc., this defendant and A & B, partners, etc., re-covered a judgment before Aaron B. Smith, one of the justices of the peace of said county, against one George Buckley, for the sum of $62.91, besides costs of suit; that on, etc., the said justice issued upon said judgment an execution, directed to any constable of said county; that said execution was, on, etc., delivered to one George W. Fuchs, who was then and there a constable of said county, which said judgment and execution then and there were, and still are in full force, unpaid and un-satisfied, to execute; that, at the said time last aforesaid, at, etc., said plaintiff had in her possession a piano, similar and like unto the piano described in said declaration, and not readily dis-

tinguishable therefrom, which was then and there the property of the said Buckley; that said plaintiff falsely and fraudulently represented to the said constable, and by her false and fraudulent actions and conduct, induced said constable to believe that the said piano in said declaration mentioned was the piano of the said Buckley, which the said plaintiff then and there had in her possession, and thereby, then and there induced the said constable to levy thereon, as the goods and chattels of the said Buckley; that thereupon, the said plaintiff, then and there, fraudulently removed the said piano of said Buckley from said county of La Salle, and after she had so removed the said piano, the property of said Buckley, from said county as aforesaid, she claimed the said piano described in said declaration as the property of the plaintiff, and this is the taking and detention complained of in said declaration, and this the defendant is ready to verify, etc.

3. The third plea is the same as the second to near the close, after which is the following: And the said defendant further says, that by the said false and fraudulent representations, and the false and fraudulent conduct and actions of said plaintiff, by which said constable was induced to levy on the said piano described in said declaration, and, by her said action in fraudulently removing the said piano, the property of said Buckley, from said county, the said plaintiff is estopped from claiming the said piano in said declaration mentioned, and from denying that the same is the property of said Buckley, and that she is also estopped from denying that said constable has a lawful right to retain the said piano in said declaration mentioned, and to sell the same under said execution, and this said defendant is ready to verify, etc.

4. That on, etc., A & B, partners, etc., recovered a judgment against one George Buckley, before one Aaron B. Smith, a justice of the peace of said county, for the sum of, etc., which said judgment is still in full force, unpaid and unsatisfied; that on, etc., the said justice of the peace issued an execution upon the

said judgment, directed to any constable of the said county of La Salle, and delivered the said execution to one George W. Fuchs, who was then and there a constable of said county, for collection; that said constable afterwards, to wit, on the day and year in said declaration mentioned, endeavored to levy the said execution upon a piano as the property of the said Buckley, then in plaintiff's possession, but not the property of the plaintiff, and other and different from the piano in said declaration mentioned, and said plaintiff then and there suffered and permitted said constable to levy the said execution upon the piano in said declaration mentioned, the goods and chattels of the plaintiff, the said plaintiff then and there well knowing that said constable intended to levy said execution upon another and different piano, not the property of the plaintiff, as the goods and chattels of the said Buckley; that said plaintiff well knew that said constable did not intend to levy upon the said piano in said declaration mentioned, but that he intended to levy the same upon another piano, then in said plaintiff's possession, as the property of said Buckley, and the plaintiff having full knowledge of the aforesaid facts, knowingly suffered the said constable to levy on the piano in said declaration mentioned, and thereupon then and there removed the said piano upon which said constable intended to levy as aforesaid, from said county, and this is the taking and detention complained of in said declaration. Therefore, this defendant avers that said plaintiff is estopped from claiming said piano in said declaration mentioned as against said execution, and this he is ready to verify, etc.

5. The fifth plea sets up the recovery of the judgment, the issuing and delivery of the execution to the constable as in the fourth plea, except that the judgment was in favor of the defendant and A & B, partners. It then alleges that said constable endeavored to levy the said execution upon a piano, then in plaintiff's possession, as the property of said Buckley, other and different than the piano in said declaration mentioned, the said piano upon which said constable was seeking to levy

said execution, not being the property of the plaintiff; that by mistake, the said constable levied said execution upon the piano in said declaration mentioned, being the property of the plaintiff; that said plaintiff then and there knew of the mistake of said constable, but failed to correct the same; that said plaintiff then and there removed the said piano upon which said constable intended to make the levy, from said county, well knowing at the time of such removal that said constable had levied upon the piano in said declaration mentioned, supposing it to be the piano which said plaintiff caused to be removed from said county, as aforesaid. Therefore, this defendant avers that said plaintiff is estopped as against said execution from claiming the piano in said declaration mentioned, and this he is ready to verify, etc.

The plaintiff replied to these pleas as follows: Replication to first plea — that the goods and chattels were not the property of said Buckley, but that of the plaintiff. Replication to second plea — that she did not falsely and fraudulently cause the said constable to believe that the said piano was the piano of said Buckley. Replication to third plea — that she did not falsely and fraudulently cause said constable to believe that said piano was that of said Buckley.

Replication to each of said pleas, one, two and three — that the firm named did not obtain judgment and execution as alleged.

To the second and third pleas, that plaintiff had not in her possession a piano of said Buckley, as alleged.

To the fourth plea, that she did not suffer and permit said constable to levy on the piano in the declaration mentioned, well knowing that he intended to levy on another piano.

To the fifth plea, that she was not present at the time and place, and did not know that said constable levied on said piano, by mistake, as alleged.

To the second, third, fourth and fifth pleas, that the Buckley piano was in the custody of the law, under and by virtue of the levy of a writ of replevin, etc.

By leave of court, she also filed an additional replication to the second and third pleas, that J. Bauer & Co., on the 10th of May, 1872, sued out a writ of replevin from the circuit court of said county against one James Cross for one piano, which is the same piano as the one alleged to be the property of said Buckley, which writ was executed, and the piano delivered to J. Bauer & Co.; and, at the time of the taking by said constable, said action was still pending and undetermined ; and said piano, which is in said pleas alleged to be the property of said Buckley, was by reason of the premises at the time of said taking, in plaintiff's possession, as agent of said Bauer & Co., and in the custody of the law.

The court sustained a demurrer to plaintiff's four replications last above stated, and granted leave to file a second replication to the fourth and fifth pleas. The defendant withdrew his first plea, by leave of court, before trial.

The material facts of the case are set forth in the opinion of the court.

Messrs. BUSHNELL, BULL & GILMAN, for the appellant.

Mr. GEO. W. STIPP, and Mr. JOHN G. ARMSTRONG, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was replevin, in the La Salle Circuit Court, for a piano, and a verdict and judgment for the plaintiff, to reverse which the defendant appeals.

The facts of the case are briefly these: The firm of Colwell, Clark & Co., of which appellant was a member, obtained a judgment before a justice of the peace of La Salle county, against one George Buckley, on which an execution issued, in due form of law, and delivered to a constable, to be executed. At the date of the execution and its delivery to the officer, Mrs. Brower, the appellee, had in her possession a piano, the property of Buckley. Mrs. Brower was a dealer in those instruments,

and she caused two of them, resembling each other, one her own, and the other the Buckley piano, to be boxed up in similar boxes, ready for transportation. The officer went to appellee with the execution, and notified her thereof, and requested her to designate to him the Buckley piano, he telling her he understood it was one of the two she had boxed up for shipment, and then present in her store. There is some conflict as to what actually occurred at this interview; but the weight of the evidence makes it clearly apparent that appellee so acted as to induce the officer to levy the execution, not upon the Buckley piano, but upon the one in controversy, now claimed by her. We think the circumstances strongly tend to show that appellee fraudulently induced the officer to levy on her own piano, as Buckley's property. She knew it was the intention of the officer to levy on that piano, and she induced him to levy upon her own, and stealthily shipped the Buckley piano to Chicago, in fraud of the levy, and for the very purpose of defeating the execution. By her contrivances, the officer was induced to do what he would not otherwise have done, and she ought to bear the consequences. *Heffner* v. *Vandolah,* 57 Ill. 520. The case of *Leeper* v. *Hersman,* 58 ib. 218, also applies. The evidence sustains the second, third, fourth and fifth pleas of defendant.

It is urged that the levy on this piano had been released by the officer, and he could not again levy on it, after being fully informed it was not the Buckley piano. We do not think the proof shows a release of the levy. The officer did go to the station agent, and directed him to let appellee have the piano, if she called for it; but she did not call, and no actual release was made.

In a case like this, there being so many circumstances going to show a fraudulent attempt to defeat the operation of a legal writ, we would require the strongest proof that the levy had been released, with a full knowledge of the circumstances.

In the view we have taken of the case, we think the fifth instruction should have been given. It is as follows:

5. "The jury are further instructed that it is their duty to take into consideration all the facts and circumstances surrounding the case, as disclosed by the evidence — the actions of the parties at the time of the taking of the piano in controversy, and preceding and succeeding such taking, the motives of the parties respectively, and their respective objects in regard to the subject matter of this controversy, whether or not the plaintiff was in a frame of mind that would dispose her to remove the piano called the Buckley piano from this county, and whether or not she was seeking to prevent a levy on that piano, or disposed so to do, and whether or not the officer under the execution was seeking to make a levy in good faith upon the Buckley piano. All circumstances of this nature, as well as every other fact and circumstance disclosed by the evidence that has a tendency to throw light upon the motives or objects of the plaintiff, or of the officer making the levy, should be carefully considered by the jury in the determination of this case. The surrounding facts and circumstances are as much a part of the evidence as the testimony of the witness upon the stand."

The true ground on which to place the case is, that by the fraudulent conduct of appellee, the officer having the writ was induced to levy on her piano, whilst she removed the true one out of his reach. The doctrine of estoppel is fairly applicable. It may be likened to a case where one stands by and sees another sell his property, making no objection, and setting up no claim. He will be estopped from ever after claiming the property.

A question is raised as to which party had the right to open and conclude the case to the jury.

The rule, believed to be uniform, is, that the party holding the affirmative of the issue has this right. This was the position of the defendant in this action. There were no facts to be proved by the plaintiff. The onus, under the pleadings, was upon the defendant.

For the reason given the judgment is reversed.

*Judgment reversed.*