PETER HOENER

*v.*

JOHN W. KOCH *et al.*

1. EVIDENCE—*witness can not testify to conclusion of law.* Where two parties are sued as joint tort feasors, and a default is taken against one, and the other pleads not guilty, it is not competent to permit the one in default to testify that he alone is responsible for the alleged tort.

2. SAME—*experts not allowed to give opinions as to the question the jury are to decide.* In a suit against a surgeon for malpractice, it is proper for an expert to give his opinion as to whether the treatment the evidence shows the plaintiff to have received was proper or not; but it is error to permit him to give his opinion as to whether, from all the evidence in the case, the defendant was guilty of malpractice or not, that being the very question the jury are to try and determine for themselves.

3. SAME—*preponderance, sufficient in actions for tort.* In a suit against a surgeon for malpractice, the plaintiff is not required to prove the charge by evidence sufficient to produce a clear conviction in the minds of the jury, as this is equivalent to requiring them to be satisfied beyond a reasonable doubt, of the truth of the charge. It is sufficient, in such cases, if the evidence preponderates in favor of the plaintiff.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Messrs. BANE & MACFALL, and Mr. W. W. BERRY, for the appellant.

Messrs. WHEAT & MARCY, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was case, in the circuit court of Adams county, wherein Peter Hoener was plaintiff, and John W. Koch and Gaylord D. Beebe were defendants. They were declared against, as professional and practical surgeons, for malpractice as such, by means of which the plaintiff was seriously injured. The case was one of strangulated hernia, and the practice of which complaint is made is alleged to have been unskilful, the operation unnecessary and the diagnosis unscientific.

Koch pleaded not guilty, and Beebe defaulted. On the trial, there was a verdict of not guilty, whereupon the default of Beebe was set aside, and judgment rendered against the plaintiff for the costs, a motion for a new trial having been denied. To reverse this judgment the plaintiff appeals.

We make no comment on the evidence in the cause, but notice only two errors, either of which is sufficient to reverse the judgment.

The first is, the refusal of the court to suppress a portion of the deposition of Dr. Beebe. It will be observed, a default had been taken against Beebe, who was sued with Koch, as joint *tort feasor*. In such case, both are principals, the law regarding no distinction as to the liability; yet the witness was permitted to inform the jury that he alone was responsible, thus solving a question of law, of which he had no right to speak, the effect of which could only be to discharge the defendant on trial. This was error.

The second error was, in permitting Dr. Curtis, a witness offered by the defendant as an *expert*, to answer this question: "Taking all the facts as you understand them, state whether you see any evidence of malpractice?" The witness had stated he had heard the testimony, and he replied: "I think I can safely say that, in view of all the testimony I have heard, I can see no positive evidence of malpractice."

It is very apparent, we think, this witness was allowed to determine the very question the jury was impanelled to decide. There were several *experts* examined in the case, whose testimony did not harmonize. This witness might have been asked if the treatment the plaintiff received was proper treatment. As it was, all the jury had to do, and which they did, was, to enter as their verdict the opinion of Dr. Curtis. In *Chicago and Alton Railroad Co.* v. *The Springfield and Northwestern Railroad Co.* 67 Ill. 142, this question was put to a witness: "If you put in the cut the work you propose to do, and have described, what would be the damage to the defendant?" And he answered: "There would be no damage." It was held, this evidence was improper, not only upon

the ground that the question called for the mere opinion of the witness, upon the assumption that appellee would put in the work when in nowise obligated to do so, but upon the further ground that it was an opinion covering the very question which was to be settled by the jury, and so conclusive of it as to leave to the jury no other duty but that of recording the finding of the witness. It amounts to nothing more or less than permitting the witness to usurp the province of the jury.

There was error in allowing this testimony to go to the jury.

Again, it is objected that in an instruction given for the defendant the proper rule as to evidence was not given to them. A party, in an action like this, is not required to prove the charge by evidence sufficient to produce a clear conviction in the minds of the jury, for this is equivalent to telling them they must be satisfied beyond a reasonable doubt, of the truth of the charge. It is sufficient, in such cases, if the evidence preponderates in favor of the plaintiff. *Herrick* v. *Gary*, 83 Ill. 85.

For the reasons given, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*