Shugart et al. v. Halliday.

## PHILIP R. SHUGART ET AL.

### v.

## LINUS W. HALLIDAY.

1.  PRACTICE—RIGHT TO OPEN AND CLOSE.—In an action of trespass *quare clausam fregit*, defendants offered to admit the trespass and damages, but no specified amount of damages, unless the *locus in quo* was in the highway, and claimed the right to open and close, which the court refused.   The refusal of the court was error, but such error is not sufficient ground for a reversal, if the proceedings were otherwise regular, and it does not appear that injustice was done by the error.

2.  EVIDENCE.—The question of the abrasion of the banks of the creek being an important one in the case, a witness produced by appellants stated that he had actual knowledge as to where the wash had affected the road, and was asked how he acquired such knowledge, which was objected to, and the objection sustained.   The witness should have been permitted to answer the question, and the refusal of the court to allow the same was a substantial error.

3.  DEDICATION—INTENTION TO DEDICATE—PROOF—INSTRUCTIONS.—Whether an intent to dedicate exists is, like any other fact in a cause, to be established by a preponderance of testimony, and an instruction that "such intent to dedicate must be unequivocally and satisfactorily proven," is erroneous, as demanding a much stronger degree of proof than the law requires. Nor will another instruction that "it is incumbent upon the defendants to

prove by a preponderance of evidence that there was an intent to dedicate,''
cure the error of the former instruction.

4. Instructions giving undue prominence to evidence.—Instruc-
tions calling the attention of the jury to certain portions of the evidence and
giving them undue prominence are erroneous.

5. Highway by prescription.—If a single tract be used as and for a
public road, and traveled generally by the public as such, without objection
by the owner of the land for more than twenty years, though not fenced on
either side, it may become a highway by prescription.

6. Laying out highway—Instruction as to.—An instruction leaving
the jury to determine whether a road was laid out, without calling attention
to the steps necessary to the laying out of a public highway, is erroneous.
The question being a mingled one of law and fact and not, as assumed by the
instruction, purely of fact.

Appeal from the Circuit Court of Bureau county; the Hon.
Josiah McRoberts, Judge, presiding.

Messrs. Eckels & Kyle, and Messrs. Farwell & Warren,
for appellants; that the burden of proving a highway at the
points where the fences were removed, was upon the defend-
ants, and they should have the right to open and close, cited
Harvey v. Ellithorpe, 26 Ill. 418; Heward v. Slagle, 52 Ill. 336;
Huddle v. Martin, 54 Ill. 258; Kells v. Davis, 57 Ill. 261; Col-
well v. Brower, 75 Ill. 516; Kent v. Mason, 79 Ill. 540.

As to prescriptive right to highway from long user, and in-
ference of dedication and acquiescence of owner: Grube v.
Nichols, 36 Ill. 92; Town of Lewiston v. Proctor, 27 Ill. 414;
Dimon v. The People, 17 Ill. 416; Warren v. Jacksonville, 15
Ill. 236; Williams v. Wiley, 16 Mo. 362; Hiner v. Jeanpert et
al. 65 Ill. 428.

Whatever is necessary to confer jurisdiction on the commis-
sioners of highways must appear affirmatively in the record:
Kennedy v. Corley, 28 Ill. 143; Com'rs of H'ys v. Harper, 36
Ill. 104; Com'rs of H'ys v. Barry, 66 Ill. 496; Frizell v. Rogers,
82 Ill. 109.

A road is a public necessity, and the public cannot be charged
with an abandonment of it, without showing that they have
acquired another in lieu of it, and proof of abandonment must
be strong enough to establish another line: Champlin v. Mor-
gan, 20 Ill. 181; Waugh v. Leech, 28 Ill. 489; Peoria v. Johnson,

65 Ill. 45; Grube v. Nichols, 36 Ill. 92; Lewiston v. Proctor, 27 Ill. 414; Galbraith v. Littiech, 73 Ill. 209.

Messrs. KENDALL & LOVEJOY, for appellees; contended that where there is great doubt about the existence of a highway, it is better that the proper authorities should lay out the road anew, and thus avoid expensive litigation, and cited McIntyre et al. v. Storey, 80 Ill. 127.

That defendants were not entitled to open and close, not having admitted plaintiff's whole cause of action: Young v. Highland, 9 Grattan, 16.

The law requiring notice of proceedings to lay out highways came into force after the time when the road in question was said to have been laid out, hence, appellant's objection upon the ground of failure to show notice has no force: Maley v. Brown, et al. 1 Gilm. 10; Dumoss v. Francis, 15 Ill. 543.

The appellants are estopped to show that the former proceedings to lay out the road were irregular: Kile v. Town of Yellowhead, 80 Ill. 208; Town v. Town of Blackberry, 29 Ill. 137.

If appellants took down any fence beyond the limits of the highway they were trespassers. They were claiming a highway by dedication and user, and the limits were determined by such user: Pfeiffer v. Grossman, 15 Ill. 53; People v. Judges of Cortland Co. 24 Wend. 491; Beyer v. Tanner, 29 Ill. 135.

An easement can be acquired by adverse use, only with the acquiescence of the owner under a claim of right: Powell v. Bogg, 8 Gray, 443; Daniels v. The People, 21 Ill. 439; Green v. Oakes, 17 Ill. 249; 2 Washburn on Real Prop. 296.

A road laid out must remain until vacated, or the necessity for a road has ceased to exist: Champlin v. Morgan, 20 Ill. 181.

Mere travel by the public is not evidence of an acceptance of a road: Forbes v. Balenseifer, 74 Ill. 183.

Claim to a road by prescriptive right must be of a particular route used; changes or alterations in use less than the statutory time cannot be claimed by prescription: People v. Judges of Cortland Co., 24 Wend. 491; Cotton v. Pocasset Mf'g Co. 13 Met. 433.

Mr. JOHN SCOTT, for appellee; argued that a road acquired by prescription has no established width, and must be confined to the width traveled by vehicles; and cited Eplar v. Nyman, 5 Ind. 459; Gentleman v. Soule, 32 Ill. 271; Peirce v. Cloud, 2 Am. Law Reg. 446; Talmage v. Hunting, 29 N. Y. 437.

A highway may be established by user, but it must be recognized as a highway by the public authorities:   Hiner v. Jeanpert et al. 65 Ill. 428.

Claim of the road by dedication or prescription should have been made in 1861, when appellee first put up his fences, and if the travel took a different line, through common and timber land, user by permission and not adverse may be inferred: Barnham v. McQuestin, 9 Am. Law Rég. 574; Angell on Highways, 151.

Appellants are concluded by the records made by their predecessors in office, no matter how erroneous they may be: Champlin v. Morgan, 20 Ill. 181; Roby v. Chicago, 64 Ill. 447; Gentleman v. Soule, 32 Ill. 271; 1 Greenleaf on Ev. 207.

In cases of dedication, acceptance by the public officers and appropriation to the use, is necessary:   Forbes v. Balenseifer, 74 Ill. 183; State v. McDaniels, 8 Jones, 284; Martin v. People, 23 Ill. 396; Hiner v. Jeanpert, 65 Ill. 428.

LELAND, J.   This was an action of trespass, *quare clausam fregit*, brought before a justice, and appealed to the Circuit Court.

The defense was that the place of the supposed trespass was in a highway, and that the appellants, as commissioners of highways, in discharge of their duties, removed a portion of appellee's fence from the road.   On the trial in the Circuit Court, appellant's counsel proposed to admit the trespass and damages, but no specified amount of damages, unless the *locus in quo* was in a public highway, and claimed the right to open and close, which was not allowed by the court below.

It may perhaps be considered settled by the Supreme Court of this State that this was erroneous, and also that such an error ought not to be ground for reversal, if the proceedings were otherwise regular, and if it did not appear that injustice was

done by the error. Kills v. Davis, 57 Ill. 261; Colwell v. Brower, 75 Ill. 516;· and some prior cases.

In some other States the denial of the right to open and close is always an error of importance enough for the granting a new trial. If the defendants below had the legal right to open and close, it seems to us that, in a case of this kind, with so large a number of witnesses and so much complication of fact, the right to the opening and closing arguments was a very valuable one. As Judge Sargent says, in Judge of Probate v. Stone, 44 N. H., 606: "It is often a matter of as much consequence to a party to have the closing argument as it is to have questions of law ruled in his favor."

For a careful, thorough, and exhaustive presentation of the other side of the question in cases of unliquidated damages, etc., see Young v. Highland, 9 Grat. (Va.) 16. See, also, Henderson v. Casteel, 3 Cranch C. Ct. 365, as to the issue on the replication to first plea in Colwell v. Brower, *supra*.

It is perhaps unnecessary to say anything more as to the facts than that there was evidence tending to show that there was a road by prescription or dedication, and that appellants removed a portion of appellee's fence, placed by the latter within its limits, and to show that there was no road at the place where the supposed trespass was committed. The supposed road ran in an easterly direction, diagonally towards the stream, to a ford on Bureau Creek, where there once had been a bridge. The course of the creek from the ford for some distance was southwesterly. A little east of the ford, the course of the creek was northwesterly, the north bank of the stream describing an arc of a circle at or near the ford.

It was claimed by appellee that, by the wearing of the north bank at the ford, the traveled track of the road there was gradually moved northward, so that the track, at the time when, etc., was not where it had previously been, and that there never had been any traveled track, continuously, for twenty years at the place where, etc. The fence was removed in two places, one 'on the east side of the enclosure, near the creek, and the other on the west side.

There was a question whether the removed portion of the

west fence, was all within the limits of the road. There were records and papers from the town clerk's office, in relation to laying out and vacating roads, which proceedings would not stand alone under the doctrine of the majority of the court, in Frizzell v. Rogers, 82 Ill. 109, but which would do very well under the dissenting opinion, and which might have made very good roads or vacations thereof, under an opinion of the Supreme Court, if counsel had brought to the attention of that court, section 64, on page 691 of the laws of 1871 (Sec. 92, p. 927, Rev. 1874). There is also in this case the unargued question whether said section is retroactive, remedial, legislation, or prospective, as to the roads thereafter to be laid out only, upon which Sedgwick and Story in their respective works on Const. and Stat. Law, and on the Conflict of Laws, would shed a good deal of light if examined carefully.

We do not feel at liberty to disregard the authority of Frizzell v. Rogers, and the other similar cases, upon mere conjecture that a section of the statute has been accidentally overlooked by counsel in that case, nor do we deem it necessary to determine its effect in this case, without argument, as we find that there are errors requiring a reversal, however that might be.

The question about the extent of the abrasion of the bank of the creek, was an important one, in determining whether the *locus in quo* was within or without the limits of the highway, if any.

Rudolphus Childs, a witness introduced by appellants, had stated that he had actual knowledge as to where the wash had affected the road, and thereupon the counsel for appellants asked him to state how he acquired such knowledge. The counsel for appellee objected, and the court sustained the objection. That the witness had a right to give a reason for the faith that was in him, seems too plain for discussion, either as a question of law, or theology. At any rate, if there be any question as to the latter, there is none as to the former. We can imagine many interesting and satisfactory things which he might have said about monuments on the shore, and the approach of the bank towards them, if any; whether or not they were undermined, and fell into the stream; about the degree

Shugart et al. v. Halliday.

of attention he paid to such monuments, and why he did so; whether the old bridge may have been built by him, or whether he observed particularly its building, and why. We do not see any reason for making the objection, nor any for sustaining it, nor any why the error is not a substantial one.

As to the first instruction for appellee, we are inclined to think it not strictly accurate when applied to the facts of the case. There should be reason in all things. If commissioners of highways should find a fence across the road, and that the line of the road was equi-distant between two parts of a board fence, we doubt whether the law would require them to spoil the boards by sawing them in the middle, on the line of the road, and setting a post there to nail to. We think it would show a more Christian spirit to carefully draw the nails and save the boards for the land-owner to use to suit himself. Nor do we think the golden rule would imperatively require that the commissioners should go to the next panel, leaving half a panel in the road. The instruction is a little too broad for practical use.

The fourth instruction is erroneous. It is not necessary in a civil action to prove any fact except by a preponderance of the evidence. Whether an intent to dedicate exists, is like any other fact in a cause. It may well be that the jury should believe, from a preponderance of the evidence, that the intention to dedicate was unequivocal, as stated by Judge Walker, on p. 280 of the 32 Ill., or that the act of dedication should be unequivocal, as stated by the late lamented Judge Breese, on p. 336 of the 38 Ill., or as mentioned in Harding v. Hale, 61 Ill., 200. This instruction says, "*such intent to dedicate must be unequivocally and satisfactorily proven.*" This is a stronger expression than "beyond all reasonable doubt;" much stronger than "clear conviction," in Homer v. Koch, 84 Ill., 408. Unequivocally means without doubt, without room to doubt (Webster); nor is it always proper to say that a fact must be "satisfactorily" proved. That is a stronger expression than "by the preponderance of the evidence." Herrick v. Gary, 83 Ill. 89. See, however, Fagan v. Chicago, 84 Ill., 237, as to "satisfied." Nor will the other words, "it is

incumbent upon the defendants to prove by a preponderance of the evidence that" there was the intent to dedicate, save the instruction from the destructive effect of the other words above, according to the cited case in the 83d.

The seventh, tenth, thirteenth, and fifteenth instructions are objectionable, as calling the attention of the jury to particular portions of the evidence, and thus giving undue prominence thereto: Ogden v. Kirby, 79 Ill. 555; Hewett v. Johnson, 72 Ill. 513; Hatch v. Marsh, 71 Ill. 370; Holmes v. Hale, Id. 535, and many previous cases.

The twelfth instruction given for the plaintiff (appellee) was as follows:

" If the jury believe, from the evidence, that the premises over which the road in question passes was a part of a tract of wild uninclosed woodland, then the mere use by the public of a way or track, however, uninterrupted and long continued, is not sufficient to constitute such traveled track a public road, but such user must be accompanied by acts which show the use to have been claimed as a right, and not by permission of the owner of the land, such as working on it, keeping it in repair, removing obstructions therefrom, or causing the same to be described and recorded, as required by the statute."

The defendants asked the Court to give the following third instruction, which the Court did, with the additional interlineations in italics.

"To establish the existence of a public highway by prescription, it is only necessary to show that it had been used continuously by the public, *and accepted and recognized by the proper authorities, repairing it at public expense, if repairs were necessary,* as a highway, for the period of twenty years, next preceeding the time, when its existence is questioned. And if you believe, from the greater weight of evidence in the case, that the places in dispute had been so used for said period, you should find the defendants not guilty."

Upon reading the 151st section of Angell and Durfee on Highways, it would seem that the above instructions might have had their origin in that section. Upon examining the cases cited, the doctrine appears applicable only to "the wild

and unappropriated forests of South Carolina, where the owner of the land might not know of the existence of the way." This was determined judicially in that State, in 1841, in an opinion of Judge BUTLER, in the case of Hog v. Gill, 1 McMullen, 329; and in 1853, Judge Frost, in the case of Hatto v. Tindall, 6 Rich., on pages 400 and 401, recognizes the distinction between unenclosed woodland and enclosed cultivated land, because, in that State, "those who travel over woodland commit no trespass (at least not until after notice to desist), and it subjects the owner to no loss or inconvenience. To prohibit them would be considered churlish, and would be ineffectual, unless a constant watch was kept to prevent them; and to require the owner to secure his land against an adverse claim by a use, not actionable, of a way over it, would to that extent exclude his property from the protection of the law."

Upon examination of all the cases cited in Sec. 151 to support the text, these and others in that State are the only ones which · go to the extent of saying that user alone by the public with the acquiescence of the owner, without some other act, will never make a highway through unenclosed woodland. Among the other cases cited in the section is that of Austatt v. Murray, 22 Iowa, 457, in which Judge Dillon says, in relation to two instructions, somewhat similar in principle to the 12th and 3d above: "These instructions lay down the proposition that however long a road may be used by the public, and however long the owner of the land may acquiesce therein, these facts will not be evidence of a dedication; and to support a dedication, either an express grant must be shown, or some affirmative act on the part of the owner, clearly showing his intention to dedicate it, or allow the use of it as a public road. We are of opinion that long use, and long acquiescence in such use by the owner of the land, are, in and of themselves, evidence of a dedication." Further on he says: "If with knowledge of the owner, the public has claimed and continuously exercised the right of using land for a public highway for a period equal to that fixed by the statute for bringing actions of ejectment, their right to the highway, as against such owner is complete, there being no proof that the road was so used by leave, favor

or mistake." See, also, Daniels v. The People, 21 Ill. 439; Marcy v. Taylor, 19 Ill. 634; Gentleman v. Soule, 32 Ill. on p. 278; Chicago v. Wright, 69 Ill. on p. 327; Angell & Durfee on Highways, Sec. 143; and a good article on the subject in the number of the Central Law Journal, dated August 16th, 1878.

The portion of the 12th and 3d which requires, as a *sine qua non* to a road by prescription or dedication that there must be, in addition to any length of user by the public, repairing the road, removing obstructions, causing the road to be described and recorded or recognized by the public authorities, is erroneous.

Of course in determining the question of fact whether there was a dedication, the kind of land, whether enclosed or unenclosed, may be often important, as stated in the 22 Iowa, *supra.*

If a single tract be used as and for a public road, and be traveled generally by the public as such, without objection by the owner of the land, for more than twenty years, though not fenced on each side, we think it may become a highway by prescription, without the other acts mentioned in the instructions, being also necessary.

The sixth, tenth and thirteenth instructions are erroneous, under the decision in Harding v. the Town of Hale, 83 Ill. 501 (See instructions 7 and 8, on p. 504), as leaving the jury to determine whether the road was laid out, without calling their attention to the steps necessary to the laying out or vacating a public highway; the question being a mingled one of law and fact, and not purely of fact, as is assumed by the instructions.

The sixth, tenth and thirteenth, are to the effect that if the jury believe, from the evidence, that the commissioners laid out a road, and that they vacated a road, then, etc., without defining what facts in law constitute laying out and vacating roads.

There are a few other objections made to the instructions not necessary to notice.

The judgment is reversed for the errors aforesaid, and the cause remanded.

Reversed and remanded.