CHICAGO & EASTERN ILLINOIS RAILROAD COMPANY

v.

DAVID ROBERTS, ADMINISTRATOR.

*Railroads — Negligence — Personal Injuries — Damages—Services of Deceased—Value of.*

1. A witness should not be so examined that his answers will relieve the jury from considering the matters of fact submitted to them.

2. A husband should not be allowed to state, upon trial of a suit brought by him to recover for the death of his wife, alleged to have been occasioned through another's negligence, the value per annum of her services to himself and their children.

[Opinion filed December 24, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. W. H. LYFORD, for appellant.

Messrs. NELSON MONROE and C. T. STRATTON, for appellee.

GARNETT, J. The action is in case, to recover damages for negligence of appellant in causing the death of appellee's wife. The verdict was for $4,500 and judgment was rendered thereon. On the trial the plaintiff was asked this question:

"What were the services of this lady worth to you and the children per year?" Appellant objected to the question, the objection was overruled and appellant excepted. The witness answered "$400 at least." By the ruling, the court permitted the witness to decide for the jury one of the material questions in the case. Aside from the failure of the question to confine the inquiry to the fair and reasonable pecuniary value, it is not a fit subject for expert evidence. A witness can not be examined in such a manner that his

answers will relieve the jury from considering and determining the matters of fact submitted to them. Hoener v. Koch, 84 Ill. 408; City of Chicago v. McGiven, 78 Ill. 347; Linn v. Sigsbee, 67 Ill. 75; C. & A. R. R. Co. v. S. & N. W. R. R. Co., 67 Ill. 142; L., N. A. & C. R. R. Co. v. Cox (opinion filed in this court April 3, 1889).

The effect of the ruling was not removed by any other evidence in the case nor by the instruction to the jury, and as the objectionable evidence can not be said to have been without influence in the assessment of the damages, we feel constrained to reverse the judgment.

*Reversed and remanded.*