## John Myers v. L. O. Lockwood.

1. PRACTICE—*Hypothetical Questions.*—It is not proper to ask of a witness called as an expert, a question which does not embody a hypothetical statement of the facts, but which directly calls upon the witness to put himself in the place of the jury, and, in view of the evidence submitted, pass upon the whole issue.

Assumpsit, for physician's services. Appeal from the Circuit Court of Iroquois County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed October 12, 1899.

C. H. PAYSON and NELLY B. KESSLER, attorneys for appellant; C. W. RAYMOND, of counsel.

J. W. KUTTRUFF, FREE P. MORRIS and FRANK L. HOOPER, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

Appellee, a physician and surgeon, sued appellant before a justice of the peace to recover upon a claim for $75, charged for his services in treating appellant's daughter for a fractured limb. Before the justice appellee recovered a judgment for $75. Appellant took an appeal to the Circuit Court, where the cause was tried by a jury, resulting in a verdict and judgment in appellee's favor for $75. A motion for new trial having been overruled appellant brings the cause to this court.

It was admitted by appellant on the trial below, that appellee was a regularly licensed physician, and that if he properly treated appellant's daughter, his services were worth the amount charged, but it was contended and insisted that he so unskillfully and improperly treated her, that she died as a result of his negligence and unskillfulness, and that his services were therefore worthless to appellant. This was the defense, and the sole subject of contention in the trial of the cause.

It is urged, as ground of reversal, that the court erred in allowing the witness Dr. Culbertson to give an opinion as to the propriety of appellee's treatment of appellant's daughter, based upon all the evidence he had heard in the case. The witness having testified that he had heard all the testimony in the case, was asked this question : "Judging from that testimony—assuming that it was all true, all this testimony that has been given in—state whether in your opinion the treatment given by Dr. Lockwood (plaintiff) and Dr. Miller was proper."

The question was objected to by appellant, objection overruled and exception saved, and the witness answered : "The treatment was proper." We think this ruling of the court was erroneous. Had the opinion of the witness been asked upon the testimony of Doctors Lockwood and Miller as a basis, the case might have come within the rule in Schneider v. Manning, 121 Ill. 376. But the witness was asked to base his opinion upon the entire evidence in the case, much of which was very contradictory. It could not all be true, and there was no warrant for asking the witness to assume it all to be true, as was done by the question propounded to him. He was substantially asked to pass on all the evidence, and decide the only question in controversy before the court, and which it was clearly the province of the jury to determine, and not that of the witness. The rule on this subject is well stated by Higbee, J., in Henry v. Hall, 13 Ill. App. 343.

In Pyle v. Pyle, 158 Ill. 289, on page 299, it is said :

"It is not the proper practice to ask of a witness called as an expert, a question which does not embody a hypothetical statement of the facts, but which directly calls upon the witness to put himself in the place of the jury, and, in view of the evidence submitted, pass upon the whole issue."

Numerous authorities are cited in support of this proposition, which is undoubtedly the law. In the case at bar we think this rule was violated in permitting the question and answer above set forth, and therein error was committed.

It is also assigned for error that the court refused cer-

tain instructions asked by appellant, to the effect that if the jury believed from the evidence that the daughter's death was attributable to a want of ordinary care and skill on the part of the plaintiff, while treating the fractured limb, then he could not recover. We think the instruction asked contained a correct proposition of law, fairly applicable to the case, and appellant was entitled to have the jury so instructed. No such instruction was given, and we hold that the refusal so to instruct was error.

The amount involved is not large, but appellant was entitled to have his case fairly tried, which we think was not done, and for the reasons given, the judgment will be reversed and the cause remanded for a new trial. Judgment reversed and cause remanded.