Corbin et al. *v.* McChesney.

------

26 231
47a 515

DANIEL W. CORBIN *et al.*, Plaintiffs in Error, *v.* HIRAM McCHESNEY, Defendant in Error.

### ERROR TO THE SUPERIOR COURT OF CHICAGO.

Where a credit to another is entered on the books of copartnership, to satisfy a debt due from one of the copartners, leaving an excess due to the creditor of the copartner, he may recover such excess from the firm, if the transaction has been ratified by the copartners, without any writing, in compliance with the statute of frauds.

THIS was an action of assumpsit tried before VAN H. HIGGINS, one of the judges of said court, without a jury.

The only contest was as to one item of plaintiff's account.

Defendants had been partners in the name of D. W. Corbin & Co., and as such, had dealings with the plaintiff, in which plaintiff became indebted to the defendants in the sum of about $60, excluding the sum of $119 in dispute. Duffy was indebted to the plaintiff in the sum of $119, and by his direction, the book-keeper credited the plaintiff. and charged Duffy with that sum on the books of the defendants.

There is evidence as to the knowledge of Corbin that such credit had been made, and of his ratification of the same, but no evidence of any writing signed by him; and thereupon his counsel objected that the plaintiff could not recover against him,

Corbin et al. *v.* McChesney.

because there was no note or memorandum in writing signed by him, containing any promise or agreement to pay the debt of his co-defendant Duffy. But the court decided that the original debt of the defendant Duffy was extinguished, and the new debt of the defendants substituted therefor; and that no note or memorandum in writing was necessary to bind the defendant Corbin.

The court found for the plaintiff, and the defendants excepted.

Defendants also moved for a new trial, because *inter alia* the court erred as to the law of the case upon the statute of frauds, which motion the court overruled, and defendants excepted.

Defendants bring the cause to this court by writ of error, and assign for error:

That the court erred in deciding that no note or memorandum in writing was necessary to bind the defendant Corbin.

That the court erred in rendering judgment for the plaintiff.

VAN BUREN & GARY, for Plaintiffs in Error.

M. W. FULLER, for Defendant in Error.

WALKER, J. The assignment of errors in this case, questions the correctness of the judgment, because there was not a promise in writing, that the firm would pay the debt of one of the partners. From the evidence, it appears that Duffy was indebted to defendant in error, in the sum of $119, and that by mutual agreement between them, this sum was credited on McChesney's account with the firm, which left a balance due on the account, of $55.65. It is true that the evidence fails to show that Corbin, the partner of Duffy, was present, or consented at the time to this arrangement, but we think the evidence does show that he afterwards became aware of, and assented to the arrangement. When he settled with Duffy, on the dissolution of the partnership, he received firm assets to pay this and other liabilities of the firm. Indeed, it is not denied, that he became aware of the arrangement, ratified it, and received the funds for its payment. He, by agreeing to pay the debts of the firm, agreed to pay it out of the assets in his hands.

If this arrangement was made with Corbin's assent, or he afterwards ratified it, and by the arrangement Duffy was discharged individually from further liability to McChesney, there can be no doubt that the firm became liable for the payment of the debt to McChesney. Chitty on Contracts, p. 482. When three persons are mutually indebted to each other, and they agree that the indebtedness of all but one shall be cancelled,

and that he shall pay the debt to the only remaining creditor, under the agreement, it is binding, although not in writing. Ibid.

Whilst it is generally true, that a partner cannot appropriate the funds of the firm to pay his debts, or employ its credit for his individual interest, yet if either is done with the assent of the other member of the firm, or it is ratified by him, the firm will be held liable. The law will not permit a firm to perpetrate a fraud, by lending its credit to one of the partners, to procure means, and afterwards avoid the liability by saying that it was incurred for the individual benefit of one of the partners; or, when the partner has used the credit of the firm for his separate interest, and the other partner ratifies the act, permit the firm to avoid its payment. This case comes, we think, fully within this rule, as Corbin fully ratified the transfer of the debt of Duffy, to the firm, and in the settlement with Duffy, on the dissolution of the firm, received the funds from the firm to pay and discharge this very debt. This is the fair and reasonable presumption, from the evidence, as he promised to pay all of the firm indebtedness, this included. If he has received the funds for its payment, it would be unjust to permit the firm to escape its payment, and permit him to retain the funds. He admitted the firm owed defendant in error, and this, too, after this suit was instituted, and under the facts disclosed, we are unable to see that this case falls within the operation of the statute of frauds and perjuries, and we must hold that the promise of the firm was binding, although not in writing. It might have been deficient, if the arrangement had been to bind Corbin alone, but we refrain from indicating any opinion on that question. The judgment of the court below is affirmed.

*Judgment affirmed.*