## George P. Harvey, Plaintiff in Error, *v.* Stephen R. Ellithorpe, Defendant in Error.

### ERROR TO KANE.

An affirmative plea throws the burden of proof on the defendant, and gives him the right to open and conclude to the jury.

Where a plea of usury is interposed to an action on a note, the creditor at the time the contract was made may be examined in support of the plea, although he has assigned the note. The general rule disqualifying the assignor of a note, does not apply when usury is pleaded.

Plaintiff filed a declaration in assumpsit, with one special count, on a note given to John C. Wilson or order, for one hundred and eighty dollars, dated April 8th, 1857, due two years after date, and by Wilson assigned to plaintiff, with the common counts for work, etc., for money had, etc.

The defendant filed several pleas. 1st, General issue. 2nd, That the note mentioned in declaration was given to one John C. Wilson for illegal interest, over and above ten per cent. per annum, for the loan of money, which was the only consideration of the note, and so defendant avers that the note was entered into and made without good, valuable, or legal consideration, and that plaintiff had notice. 3rd, That the note was given to John C. Wilson for illegal interest, and that was the only consideration, and was therefore made without a good, valuable, or legal consideration, and that plaintiff had notice. 4th, That said note was made to said Wilson for illegal interest, that the consideration was wholly for that and nothing else, and contrary to the statute, etc. Plaintiff had notice.

Plaintiff filed demurrer to defendant's 2nd, 3rd and 4th pleas, which the court sustained to the 3rd and 4th pleas, and overruled as to the 2nd. Replication to 2nd plea, that note was not made without valuable and legal consideration, nor had the plaintiff notice as in said plea averred.

Trial, and verdict for the defendant. Motion for new trial overruled.

On the trial of this cause, the defendant asked leave of the court to withdraw the plea of the general issue, and also to

open and close the case to the jury, which was allowed by the court.

The defendant introduced as a witness, *John C. Wilson*, the payee and indorser of the note, in the declaration mentioned. The plaintiff objected to the competency of the witness. The court overruled the objection, and allowed the witness to testify. The defendant then asked the witness if he had sold the plaintiff the note mentioned in the declaration. The witness stated that he sold the note to plaintiff before it was due. The defendant then asked the witness if he informed the plaintiff what the note was given for. The plaintiff objected to the question. The court overruled the objection, and allowed the question to be answered. The witness said, " I gave him the information."

The defendant then asked the court to give the jury the following instructions, which was done :

1.   The jury are instructed that if they believe, from the evidence, that the only consideration of the note sued upon in this action was for illegal interest, then the jury should find for the defendant ; provided, they also believe, from the evidence, that the said defendant bought said note after it became due, or had notice that it was given wholly for illegal interest.

2.   That a note given wholly for usury is an unlawful consideration, and if the jury believe, from the evidence, that the note in question was given wholly for usury, then they should find for the defendant, if they also believe, from the evidence, that the defendant had notice before he purchased the same, that it was given wholly for usury.

3.   If the jury believe, from the evidence, that the note sued on in this case was entered into without any consideration, and that the plaintiff had notice of that fact before or at the time of the assignment to him, then the jury should find for the defendant.

To the giving of which instructions for the defendant by the court, the plaintiff by his counsel at the time excepted.

The plaintiff then asked the court to give the jury the following instructions, which was done :

The jury are instructed that if they believe, from the evidence, that there was any consideration for the note in question, either for labor or services performed by the witness Wilson in obtaining money for Ellithorpe, then the jury should find for the plaintiff.

The jury are instructed that although the note in question may be in part for usurious interest, yet if they believe, from the evidence, that there was any part of the note given in consideration of services performed by Wilson in obtaining the money for Ellithorpe, then under the pleadings in this case, the

jury should find for the plaintiff the amount of the note and interest.

The jury are instructed that if they believe, from the evidence, that the witness, John C. Wilson, obtained the money at the instance of Ellithorpe, and at his request, and that all the benefit Wilson received from the transaction was one per cent. commission, and that said commission was embraced in the note, then under the pleadings in this case, the plaintiff is entitled to recover, the defendant having failed to make out his plea of total failure of consideration.

If the jury find for the plaintiff, they will find the amount of the note described in the declaration, and the interest due thereon.

The jury found a verdict for defendant. The plaintiff entered a motion to set aside the verdict, and for a new trial, for these reasons: The court erred in allowing defendant to withdraw the plea of the general issue, and the opening and closing the case to the jury. The court erred in allowing improper evidence to be given to the jury. The court erred in overruling the plaintiff's objection to the defendant's questions, as asked the witness. The court erred in allowing the witness Wilson to testify as he did in the case. The court erred in giving the instructions asked for by defendant. The court overruled said motion. The plaintiff also moved to arrest the judgment in the case. The court overruled said motion, and entered judgment on the verdict.

And plaintiff assigns for errors the following causes:

The Circuit Court erred in allowing the defendant the affirmative in the trial and argument in the case before the jury.

The court erred in allowing the witness, John C. Wilson, to testify in the case.

The verdict of the jury was contrary to the law and the evidence.

The court erred in overruling the plaintiff's objections to the question as asked by the defendant to the witness Wilson, and allowing such question to be answered.

The court erred in overruling the plaintiff's motion for a new trial, and in arrest of judgment.

GLOVER, COOK & CAMPBELL, and W. B. PLATO, for Plaintiff in Error.

C. B. WELLS, for Defendant in Error.

BREESE, J. We do not deem either of the errors assigned on this record as well taken. The plea of the general issue having

been withdrawn by leave of the court, there remained only an affirmative plea, throwing the burden of proof on the defendant, and necessarily giving him the opening and conclusion before the jury. This is the uniform practice, and is consonant to sound principle. He who affirms a fact, is bound to prove it— he is the actor, and entitled to all the privileges of that position.

Wilson was the payee and assignor of the note sued on. Usury was set up as a defense. Our statute providing that the debtor and creditor may be witnesses evidently means those who occupied that relation, at the time the illegal contract was made, and if such creditor assigns the usurious note, it cannot deprive the maker of the benefit of his testimony. If it did, the law would be rendered nugatory. However the general rule may be, disqualifying the assignor, it cannot apply when usury is pleaded. In this case the entire note was usurious —it was given for usurious interest, and the plaintiff knew it when he took it.

The judgment is affirmed.                    *Judgment affirmed.*