GEORGE KELLS *et al.*

*v.*

JOHN P. DAVIS.

1. PRACTICE—*opening and closing of the argument.* An affirmative plea throws the burden of proof on the defendant, and, if the sole issue be upon such a plea, under the practice in this State, he will have the right to open and close to the jury.

2. SAME—*effect of error in respect thereto.* But so slight an error in practice as that the counsel of a party entitled, under the pleadings, to open and close the argument to the jury, was denied that privilege by the court, ought not to be a ground for the reversal of a judgment rendered in a judicial proceeding in all other respects regular, and that does justice between the parties.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

Mr. W. D. BARRY and Mr. GEORGE WILLARD, for the appellants.

Messrs. STORY & KING, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of trespass for personal injuries, brought by the appellee against the appellants, in the Circuit Court of Cook county.

The appellants filed a plea of not guilty, and also two special pleas, justifying the assault and battery, upon all of which issue was joined. Before the trial, however, the plea of "not guilty" was withdrawn, and a trial was had on the issues joined on the special pleas, which resulted in a verdict for appellee for the sum of $160, of which amount the appellee, upon the suggestion of the court, and to prevent the granting of a new trial, remitted the sum of $60, and thereupon the court overruled the motion for a new trial, and rendered judgment on the verdict for $100.

The ground relied on for a reversal of the judgment, is, that the circuit court erred in allowing the counsel for the appellee to open and close the argument to the jury, and in not according that privilege to the counsel for the appellants.

The plea of not guilty having been withdrawn by leave of the court, there only remained the special pleas of justification. Under the issues thus formed, the burden of proof rested on the appellants, and, according to the practice in this State, their counsel was entitled to the opening and conclusion of the argument to the jury. In *Harvey* v. *Ellithorpe*, 26 Ill. 418, this was declared to be the correct practice. The reason for this rule proceeds on the ground that he who affirms a fact, is bound to prove it.

The appellants were allowed, by the rulings of the court, to first offer their evidence to maintain their pleas, which entitled them to give any proper rebutting evidence to that offered by the appellee. This is the substantial benefit intended to be conferred by this rule. The counsel was only denied the privilege of opening and closing the argument to the jury.

While this ruling of the court may be regarded as a departure from what is understood to be the better and correct practice, it does not appear that the merits of the case were at all prejudiced by the erroneous ruling. So slight an error in practice ought not to be a ground for the reversal of a judicial proceeding in all other respects regular, and that does justice between the parties.

We have carefully considered the entire evidence, and we do not think that the appellants had any just cause to complain of the verdict even before the remittitur was entered. Indeed, the evidence, as preserved in the record, would have supported even a higher verdict. The evidence discloses the fact, that at the time the injuries were inflicted upon the appellee, he was in such a condition that he did not fully realize what he was doing. He was perhaps very annoying, but not at all dangerous, and there was no necessity for the use of so much violence.

No substantial error appearing, the judgment of the circuit court must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SHELDON dissenting, as to the affirmance of the judgment.