JEFFERSON D. KITNER

*v.*

LUTHER WHITLOCK.

1. PARTNERSHIP—*when partner is estopped to deny execution of note.*   Where a note was given for money loaned to a firm, and for wheat 'sold, which was used in erecting their mill and in making flour for the use of the firm, and the amount thereof was entered in the firm books as an indebtedness of the firm, which books were examined from time to time by a partner denying the execution of the note by him, it was *held*, if he was informed of the making of the note, and made no objection, he was estopped from denying its validity, even if his name was in fact signed by a copartner.

33—88 ILL.

2. SAME—*right of one partner to sign copartner's name to obligation.* Upon the formation of a partnership, until a firm name is adopted the presumption must be that, in the transaction of the firm business, each member is the agent of the others to transact the business, even to the signing of the names of the several members of the firm to writings executed in the legitimate business of the firm.

3. EVIDENCE—*burden of proof on plea of non est factum verified.* When the plea of *non est factum* verified by affidavit is filed, the burden is thrown upon the plaintiff to make such proof as was required at common law, to entitle the instrument sued on to be read in evidence, and when that is done the burden of proof is shifted to the defendant to sustain his plea before the jury.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. WILLIAM H. BARNES, for the appellant.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee brought an action of assumpsit, on a promissory note, against appellant and Sampson, John K. and George W. Fanning. There was a special count on the note, and the common counts, in the declaration. The defendants all pleaded the general issue, and appellant filed a plea of *non est factum* verified by affidavit. On these issues a trial was had before the court, without a jury, by consent of the parties, resulting in a finding and judgment in favor of plaintiff, and defendant Kitner appeals to this court and urges a reversal.

The evidence shows that the three Fannings, with Kitner, formed a partnership for the purpose of building and operating a mill; that after the partnership was formed and the firm had commenced the erection of the mill, and before a firm name had been adopted, appellee loaned the firm money, and sold it wheat, which were used in constructing the mill and in making flour for the use of the firm, and for which the note was given. The individual names of the partners were signed to the note, and George W. Fanning testifies that he signed

Kitner's name to the note, and thinks Kitner was present and directed him to sign it.   This is denied by appellant.

There seems to be no doubt of the fact, as it is sworn to and not disputed, that the money was borrowed, and used in building the mill, and the wheat bought and used by the firm in their milling operations.   Thus the firm had the benefit of the money and wheat.   It appears that there was a schedule of debts owing by the firm, including this, in the firm books, to which Kitner had access, and of which he must have known, and there is no evidence that he ever objected to its legality. This evidence strongly corroborates the testimony of George W. Fanning, that it was by appellant's direction that he signed his name to the note, or if not, that he ratified and approved the same.   Being a partner, and having access to the firm books, he must have known this debt existed, and the conclusion is irresistible that he would inquire and learn its character, and if he did so, then he must have ratified the signature and adopted it as his own.   We are unable to believe that with this schedule of debts owing by the firm, in the books of the firm, to which he had access, and which he must have frequently examined, and in which he must have seen this as part of the indebtedness, he could have been ignorant of its existence or character.   And if he was informed, as we must believe he was, every principle of justice and fair dealing requires that he should be estopped from denying its validity. This list showed this debt against the firm as a note, and if he never authorized or approved the signature, he would surely have objected to it as a firm debt.

Until a firm name was adopted, the presumption must be, that, in the transaction of the firm business, each member is the agent of the others to transact the business, even to the signing of the names of all the members of the firm to writings executed in the legitimate business of the firm, as every partner is considered as an agent of the firm in the transaction of its business.

When we consider appellant's interest in the event of the

suit, his evidence loses much force. And George W. Fanning is strongly corroborated by the fact that appellant must have known of the debt from the books of his own firm, and made no objection to the note. This fact, in connection with the evidence of George W. Fanning, to our minds most clearly preponderates over the unsupported evidence of appellant. The judge trying the case could better determine the weight to be given to the evidence, than we who did not see the witnesses. The manner of appellant on the stand may have been such that it required no evidence to corroborate Fanning's testimony. The manner in which he testified may have been such that the judge could give to it no weight, and if so, there was abundant evidence to sustain the finding.

When the plea of *non est factum,* verified by affidavit, is filed, the burthen is then on the plaintiff to make such proof as was required at common law, to entitle it to be read in evidence; that being done, the burthen is then shifted to the defendant to sustain his plea before the jury. The evidence of George W. Fanning as to the execution of the note, was sufficient to authorize it to be read in evidence. When read, we think the evidence of Fanning, and circumstances corroborating his testimony, overcame appellant's evidence, and fully justified the finding.

Perceiving no error in this record, the judgment of the court below is affirmed.

*Judgment affirmed.*