## CHARLES W. RIGDON
### v.
## JOHN W. CONLEY.

*Sale—Realty—Leaseholds—Incumbrance—Inspection of Books.*

1. In an action brought for the recovery of a certain sum paid for the
account of the grantor by the purchaser of a certain leasehold interest to
relieve the same of an incumbrance, the grantee contending as regards a
certain sum claimed to be due in a plea of set-off filed by the grantor, that
the same had been paid by giving him credit therefor upon the books of the
firm of which the grantee was a member, and that the same had been
charged thereon to himself, this court holds, in view of Sec. 9, Chap. 57,
R. S., that the trial court erred in overruling the motion of plaintiff for
their production in order that he might be enabled to prepare for the trial
of the cause in question.

2. The power to order the production of books should be exercised in
behalf of litigants upon proper application and a showing that the books or
writings in question contain evidence pertinent to the issue.

3. It is no answer to affidavits warranting such order that they might
have been procured by subpœna.

4. Abuse of the right of inspection may be prevented by the terms of
the order, and in framing the same the court may exercise a discretion for
the prevention of annoyance, or the indulgence of impertinent curiosity.

[Opinion filed April 3, 1889.]

IN ERROR to the Superior Court of Cook County; the Hon.
JOHN P. ALTGELD, Judge, presiding.

An action was brought by John W. Conley against C. W. Rigdon to recover an amount alleged to have been paid to relieve certain property purchased by Conley from Rigdon of an incumbrance which Rigdon ought to discharge. Rigdon fi'ed a plea of set-off claiming that Conley was indebted to him in some $7,000. On the trial, which took place on May 29, 1888, Conley contended that he had paid the $7,000 claimed by Rigdon as a set-off, to the firm of John W. Rumsey, for the use of Rigdon, in compliance with Rigdon's orders, and that the payment was made by giving said Rigdon credit on the books of Rumsey & Co. for $7,000, and charging the account of Conley, who was a member of said firm, with said amount.

Rigdon's contention was that Conley had no funds to his credit in the firm of Rumsey & Co. at the time he claims to have made the payment for Rigdon's benefit, and the credit to Rigdon and charge made to Conley were fictitious and did not represent the actual fact. Before the trial, and on May 28, 1888, Rigdon moved the court for an order on Conley to produce, before the trial of said cause for the inspection of said Rigdon and his attorney, to enable them to prepare for the trial of said cause, the check books, cash books, day books and ledgers kept by the firm of J. W. Rumsey & Co. and used by them on the 29th day of September, A. D. 1884, and in support of said motion filed the following affidavit:

"Charles W. Rigdon, being duly sworn, deposes and says, that he is the defendant in the above entitled cause; that previous to the 26th day of September, A. D. 1884, he sold to said plaintiff an interest in a leasehold in and to certain property on Clark street, in the city of Chicago, in said county, for about $13,000, of which purchase price all but the sum of $7,000 was paid over to affiant previous to said last mentioned date; that the said $7,000 of said purchase price, which was on said last mentioned date due and payable to this affiant from said plaintiff, this affiant allowed said plaintiff to retain, as the agent and trustee of affiant, to be paid by him and delivered to J. W. Rumsey & Co. of said Chicago, for the use of this affiant, and for affiant, and did then instruct

the said plaintiff to so pay the said $7,000 to said Rumsey & Co., which instruction the said plaintiff agreed to obey; and this affiant supposed until a very recent date that the said plaintiff had paid the said money, as directed, but affiant says that he is now informed and believes that the said plaintiff never in fact paid the said money to the said firm of Rumsey & Co., as requested, but that he retained the same and appropriated the same to his own use, in fraud of the right of affiant. Affiant is informed and believes that the said plaintiff claims that he paid the said sum of $7,000 to said firm on the 26th day of September, A. D. 1884. Affiant says that he has filed his plea of set-off in said cause to recover therein from the said plaintiff the said sum of money, with interest, after allowing any just claims of plaintiff for any moneys paid out for affiant's use, referred to in the affidavits of affiant and said plaintiff, filed in said cause on the 21st day of May, A. D. 1888. Affiant says that during the period of the said transactions between himself and said plaintiff regarding said leasehold and said alleged payment of said plaintiff, said plaintiff was a member of the said firm of Rumsey & Co. and kept and made all of the entries in the books of account of said firm during the said period and during the space of more than twelve months previous thereto. Affiant is informed and believes, and charges the fact to be, that the only thing said plaintiff ever did in pretending to make the alleged payment of $7,000 to said firm, was to charge himself with the said money on the books of said firm, and to credit this affiant with the same amount on said books, without regard to the fact as to whether said plaintiff had any money in possession of said firm or not, and when, in fact, said plaintiff had no money in the possession of said firm which could be appropriated to the use of affiant; and affiant has been informed, and now believes, that on said 26th day of September, A. D. 1884, and during said period when said transactions took place, and said payment is pretended to have been made, the said firm of Rumsey & Co. did not have in its possession money enough belonging to it and subject to be applied to the use of affiant, the sum of $7,000, or any other sum or sums of money, but

Rigdon v. Conley.

was without any funds that could be applied to the use of affiant. Affiant further says that he is also informed and believes that said plaintiff did not keep any bank account separate or other than that kept by said firm; that all the moneys alleged to have been paid, or actually paid, by plaintiff during said period were paid out of the funds of said firm by checks drawn upon one or more banks in said city, and cut from check books, leaving stubs therein on which were written by said plaintiff or by some one under his authority, the character and amount of the checks drawn by said firm from day to day; and also the balances or sums of money which the said firm had in possession from day to day; that said firm kept, during said period, cash books, day books and ledgers, showing the exact amount of money which said firm had in possession from day to day during said period, and the entries therein were made by said plaintiff or under his authority from day to day. Such entries in said books will also show to whom the said money belonged and whether it was in its possession as trustees and agents and brokers, or whether it was the money of said firm and subject to be appropriated and disposed of to its use or the use of said plaintiff. Affiant says he is informed and believes that said plaintiff gave no check and no money to said firm in payment of said $7,000 on said 26th day of September, 1884, or at any other time; and that the said check books and said other books and the entries therein will so show upon an examination thereof. And affiant is informed and believes that the check books and stubs therein referred to by said plaintiff in his affidavit filed in said cause on May 21, 1888, are in fact the check books of said firm referred to; affiant says that in support of his plea of set-off, and for the proper defense of himself in said cause, it is necessary that the said books be examined and inspected by himself and his attorney before the trial of said cause as to all the matters aforesaid, in order to be properly prepared for the trial of said cause; and also that the said books should be produced before trial by the order of this court for that purpose, and also produced at the trial to be used as evidence on the part of affiant; that all the said entries are

evidence pertinent to the issues in said cause, and all of said books contain such evidence ; that said books are in the custody and control of said plaintiff; affiant says he knows of no other source from whence to obtain the facts set forth in said books and said evidences, than in said books, and that he can not safely proceed to trial without the production and inspection of said books before such trial."

There was read on said motion the affidavit of said Conley that he had found and would produce on the trial his check book, from which the check for $1,458.96, for which his suit was brought, was given, the stub of which check showed the date, etc. The court overruled the motion to produce the books and Rigdon excepted.

On the day of the trial, before the trial was entered upon, a motion was made for an order on Conley to produce the books for use on the trial, and the affidavit of Rigdon above set out was read in support of said motion, but the court overruled the same on the grounds that the said Rigdon could get the books by virtue of a *subpœna duces tecum*, to which ruling said Rigdon preserved an exception. The verdict was for Conley for the amount of his claim, and from the judgment thereon the appeal is prosecuted.

Mr. THOMAS J. SUTHERLAND, for plaintiff in error.

Mr. H. S. MONROE, for defendant in error.

MORAN, J. We are of opinion that the court erred in refusing to order the production of the books on the motion made May 28th, before the trial, and supported by the affidavit set out in the statement of facts. Sec. 9, Chap. 51, R. S., provides: "The several courts shall have power, in any action pending before them, upon motion, and good and sufficient cause shown, and reasonable notice thereof given, to require the parties or either of them to produce books or writings in their possession or power, which contain evidence pertinent to the issue."

The power given by this section is in furtherance of justice, and is to be exercised in aid of parties litigant whenever

Rigdon v. Conley.

proper application is made to the court and it is shown that the books or writings contain evidence pertinent to the issue between the parties.

The affidavit of Rigdon made a clear case for the production of the books, and an 'inspection of them for the purpose of ascertaining evidence that would show that Conley did not have the funds that he claimed in the hands of Rumsey & Co., could not justly be denied him.

The old idea that entries in a party's books are secret, and to be sacredly guarded from the examination of his opponent in a law suit, is fast passing away. In nearly all the States books and writings may be subjected to inspection under statutory provisions similar to our own. Abuse of the right of inspection may be readily prevented by the terms of the order requiring the production, as was done in Pinchon v. Day, 118 Ill. 9, and in framing such orders the court may always exercise a discretion for the prevention of annoyance to the party, or the indulgence of impertinent inspection as to matters not relating to the inquiry.

Failing to order the production of the books on the motion first made the court should have allowed the motion made just before the trial was entered upon, to produce the books for use on the trial. The affidavit filed stated facts which entitled the defendant to the books for use on the trial, and it is no answer that the parties could get the books by subpœna.

There are some other errors assigned which we do not deem it necessary to discuss, as they are not likely to be repeated on another trial.

For the errors pointed out the judgment will be reversed and the case remanded.

*Reversed and remanded.*