Rigdon v. Conley.

Messrs. HUTCHINSON & LUFF, for appellants.

Messrs. GEORGE F. WESTOVER and ALEX. CLARK, for appellees.

## CHARLES W. RIGDON
### v.
## JOHN W. CONLEY.

*Effect of Decision on Former Appeal—Contract—Deposit of Cash—Credit on Books as Substitute for.*

Appellee contracted with appellant to deposit in his favor a certain sum with a firm named; this court holds that the firm in question having charged appellee and credited appellant with the stated sum upon its books, that the contract had been complied with by appellee.

VOL. XLIII 38

[Opinion filed February 9, 1892.]

APPEAL from the Superior Court of Cook County; the HON. ELLIOTT ANTHONY, Judge, presiding.

Mr. THOMAS J. SUTHERLAND, for appellant.

Mr. A. B. JENKS, for appellee.

GARY, J. This case was before us at the October term, 1888, and is reported in 31 Ill. App. 630.

The question now upon this record was incidentally involved then, but was not the point upon which the case was decided. The attention of the court was directed to the right of the appellant under Sec. 9, Chap. 51, R. S., as a matter of practice.

If, therefore, in the opinion rendered then, there appears to be inconsistency with the present decision, the circumstances take the case out of the general rule, that the opinion of a court of review on one appeal in the case, is the law of that case on a second appeal.

The appellee sued the appellant upon an admitted liability. The appellant pleaded a set-off of $7,000, which he testified that the appellee agreed to pay for the appellant to the firm of John W. Rumsey & Co., of which the appellee was a member. What that firm was to do with the money, or whether he would in any way have any further interest in it, the appellant did not say; nor was there any testimony that he ever had any communication with the firm about it. The appellee produced a paper signed by the appellant, but not by the appellee, purporting to relate to the same transaction, in which, as to the $7,000, the language is that the appellee was "to place to the credit of the ' appellant ' or his assigns, on the books of the firm of John W. Rumsey & Co., of said city of Chicago, the said sum of seven thousand dollars ($7,000) to be drawn by the 'appellant' in one year from the date hereof; the said sum during said time is accepted by said firm as cash margins on the purchase of grain and provisions on the Board of Trade, in said city of Chicago, on orders

from the said party of the first part, or his assigns." The appellant denied that that paper was the contract between the parties, and nobody as a witness, said that it was. That the appellant had been credited, and the appellee charged, with the sum on the books of the firm was undisputed; but offers by the appellant to show, in effect, that neither the firm, nor the appellee, had any such sum of money, in actual cash, were denied and exceptions taken. The majority of the court are of the opinion that the contract between the parties, taken either upon the testimony of the appellant, or the words of the paper, is complied with when the firm of John W. Rumsey & Co. were placed in such relation with the appellant that the firm must account to him for the money. There is no evidence of dissent by the other member of the firm, and without such evidence, he was bound by the books of the firm. Kitner v. Whitlock, 88 Ill. 513; O'Brien v. Hanley, 86 Ill. 278; Corbin v. McChesney, 26 Ill. 231. Mere bookkeeping, in most commercial transactions of magnitude, stands in the place of the actual handling of cash. Russell v. Hadduck, 3 Gilm. 233. Between principal and surety, if the surety by arrangement with the creditor, substitutes his individual credit for the obligation for which he is surety, it is payment between himself and his principal. Wilkinson v. Stewart, 30 Ill. 48, and cases there cited.

If this construction of the contract be correct, all other questions made by the appellant are immaterial, and require no consideration.

The judgment is affirmed.

*Judgment affirmed.*