149 621
59a 105

# Frederick Razor

*v.*

## Gertrude Razor.

*Filed at Springfield April 2, 1894.*

1. PRACTICE—*right of defendant to open and close case to jury.* A wife filed her bill against her husband, claiming a separate maintenance on account of his desertion without her fault. The husband, by his answer and cross-bill, denied that he deserted his wife, and sought a divorce on the ground of adultery on her part. At the conclusion of the evidence the defendant moved the court for permission to open and close the case to the jury, which the court refused: *Held,* no reversible error.

2. If the husband had eliminated the issue of desertion, as he might, by justifying the separation upon the ground of his wife's adultery, he might have had the right to open and close the case to the jury; and while the court might, in the exercise of sound discretion, have allowed the defendant to open and close, the ruling of the court was not reversible error.

3. EVIDENCE—*letter found in wife's possession—proving adultery.* On the trial of a bill by a husband for a divorce, the court refused to admit in evidence, against the wife, a letter alleged to have been found by the husband in his wife's trunk, and containing a proposition by the writer to meet her in St. Louis for improper and adulterous purposes. The letter was addressed to "Gertie," the wife's familiar name, on the inside, and was addressed on the envelope to "Mrs. Vosburg, Box 99:" *Held,* that the court properly refused to admit the letter.

4. Such letter, if addressed to the wife and found in her possession, would not be evidence against her unless its contents had been adopted or sanctioned by some reply or statement, or act done on her part, shown by proof *aliunde* the letter itself. Her silence, and retention of the letter, do not necessarily imply assent to its contents. Where verbal communications are made, silence may authorize an inference of assent; but the same rule does not ordinarily apply to letters received, but never answered or in any way acted upon.

5. The recital in a letter that *it is* in answer to one received by the writer, can not be admitted for the purpose of establishing that fact, as against the person addressed.

6. A letter found in a wife's trunk seeking an illicit meeting with her in St. Louis was sought to be admitted in evidence against the wife, by proof that at the time of the meeting of the "Veiled Prophets" in

St. Louis the wife was anxious to go there. Whether the meeting of the "Veiled Prophets" was within the year or some other, or before or after the receipt of the letter, was not offered to be shown : *Held*, that the letter, and the offer to prove the wife's anxiety to go to St. Louis, were properly refused.

7. SEPARATE MAINTENANCE—*reasonableness of the allowance.* Under the facts of this case the allowance of the wife of one-third of the annual income of the husband was held not improper, and it is not error for the court to allow temporary or provisional alimony, as in cases of divorce.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. J. E. POLLOCK, Mr. JOHN STAPLETON, and Mr. A. J. BARR, for the appellant.

Mr. FRANK R. HENDERSON, and Mr. JAMES S. EWING, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

Appellant, aged sixty-five, was married to appellee, aged twenty-eight, in November, 1888. The original bill in this case was filed by appellee for separate maintenance, alleging that she was living separate and apart from her husband without fault on her part. The defendant (appellant) answered, denying that he had deserted her or that they were living separate and apart without the fault of the wife, and filed a cross-bill for divorce, alleging that the wife had been guilty of adultery since the marriage. Answer was filed denying the charges in the cross-bill, and the issues upon both bills, without objection, were submitted to the same jury for trial, and resulted in a finding in favor of complainant in the original bill and against the complainant in the cross-bill. The court approved the finding, and rendered its decree dismissing the cross-bill and awarding separate maintenance to the wife. From this decree the husband appealed to the Appellate

Court, where the decree was affirmed, and he prosecutes this further appeal.

At the conclusion of the evidence, appellant moved the court for permission to open and close the case to the jury, which the court refused to allow, and this ruling is assigned for error. The original bill alleged desertion, and that the defendant continued to live separate and apart from complainant without fault on her part. The answer denied that appellant had deserted her, and averred that the absence of which she complained was a temporary visit, only; and while the amended answer charged adultery, as a defense to the charge that they were living separate and apart without her fault, the denial of the charge of desertion is not withdrawn. Both the pleadings and proof sharply made an issue, to be determined by the jury, as to whether there had been a separation by the husband from the wife. If appellant had desired, he might have eliminated this issue by justifying the separation upon the ground of adultery. This he did not do, but left the issue to be affirmatively maintained by the complainant in the original bill. While the court might, in the exercise of sound discretion, have allowed the motion, yet, an issue remaining, necessary to be affirmatively maintained by the complainant, its ruling was not reversible error.

It is next insisted that the court erred in excluding from the jury a certain letter alleged to have been found by appellant in his wife's trunk, and containing a proposition to meet her in St. Louis for improper and adulterous purposes. It was shown that while the letter was addressed to "Gertie,"—the familiar name of the wife,—on the inside, it was addressed to "Mrs. Vosburg, Box 99," on the envelope containing it. It is shown, also, that a considerable package of letters was thus found, some entirely innocent, and others more or less criminating. It is insisted that the letter excluded was one of a series, and in answer to one written by the complainant, and having been found in the possession of the complain-

ant, was therefore competent evidence. To this it must be said, there is in this record no evidence that it was one of a series, or that it was in answer to one written by complainant, other than that contained in the letter itself. This letter, if addressed to the wife and found in her possession, would not be evidence against her unless the contents had been adopted, or sanctioned by some reply or statement, or act done on her part, shown by proof *aliunde* the letter itself. While the possession of letters of this character are wholly inconsistent with the duties and obligations of a wife, it can not be said that her silence, and retention of the letters, necessarily implies assent to their contents. Where verbal communications are made, silence may authorize an inference of assent; but the same rule does not ordinarily apply to letters received, but never answered or in any way acted upon. (2 Wharton on Evidence, sec. 1154; *Commonwealth* v. *Eastman et al.* 1 Cush. 215; *Smith* v. *Shoemaker*, 17 Wall. 630.) The recital in the letter that it was in answer to one received by the writer, can not be admitted for the purpose of establishing that fact. We should, in that case, have the anomaly of a letter, inadmissible in evidence, proving that it was written in reply to one from the complainant, and the fact thus proved, render the letter admissible. Nor is there any pretence in the record that the letter was ever acted upon or an attempt made to meet the writer. True, defendant offered to prove that at the time of the meeting of the "Veiled Prophets" in St. Louis complainant was anxious to go there, which was excluded, and properly so. Whether the meeting of the "Veiled Prophets" was within the year or some other, — whether before or after the receipt of the letter,—was not offered to be shown. Nor were any circumstances shown tending to connect the receipt of the letter with her anxiety to visit St. Louis.

It is objected that the court erred in modifying defendant's instructions, and that the effect of the modifications was to

say to the jury that it was necessary for the complainant in the cross-bill to establish the adultery of the wife "to the satisfaction of the jury." Three instructions were given, each of which was modified. It is clearly a misapprehension of the modification to suppose that they might have had that effect. There is nothing in the instructions, as modified, that announced such a rule: On the contrary, the jury were expressly told that "adultery may be proven, like any other fact, by a preponderance of the evidence alone, or by facts and circumstances that naturally lead to it by a fair inference establishing the fact that adultery has been committed."

It is also urged that the finding upon the issue presented by the cross-bill is against the weight of the evidence. While there are many suspicious circumstances proved, we are unable to say that the fact of adultery was established. The jury and trial court heard and saw the witnesses, and therefore had opportunity of judging of the weight and credit to be given to the testimony we do not possess, and we are not dissatisfied with the finding.

It is urged that the court erred in awarding separate maintenance. The testimony fairly shows that the allowance made was about one-third of the annual income of the husband. This was not improper, under the facts shown in this case. (*Harding* v. *Harding*, 144 Ill. 588.) Nor did the court err in allowing temporary or provisional alimony. It was expressly ruled in the case last cited, that the court was authorized, by the statute, to make such allowance as would be just and equitable, as it might do in cases of divorce.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*