### Shadbolt & Boyd v. Fred Findeisen.

1. PRACTICE—*Opening and Close of the Evidence and Arguments.*— The general rule is that the party holding the affirmative of the issue has the right not only to open and close the evidence, but also the arguments to the jury and the right is regarded as a substantial one and should always be treated as such.

2. SAME—*All Existing Defenses Must be Made.*—All defenses existing before the judgment must be treated as having been adjudicated by the judgment and merged in it. To permit a prior existing defense to be shown against a suit upon a judgment is to impeach the judgment, and is not permissible.

Debt, on a foreign judgment. Error to the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed April 17, 1900.

GILBERT & GILBERT, attorneys for plaintiffs in error.

E. L. BARBER, attorney for defendant in error.

MR. JUSTICE SHEPARD delivered the opinion of the court. This was a suit brought by plaintiffs in error on an Iowa

judgment in their favor against the defendant in error. The recovery below was for only a nominal sum and costs.

Much complaint is made because the Circuit Court denied the plaintiffs the right to open and close the arguments to the jury.   The general rule is  that the party holding the affirmative of the issue, has the right not only to open and close the evidence but the arguments to the jury also, and the right is regarded as a substantial one and should always be treated as such.     Elliott's General Practice, Sec. 533, *et seq.;* Harvey v. Ellithorpe, 26 Ill. 416; Colwell v. Brower, 75 Ill. 516; Carpenter v. First Nat. Bank, 119 Ill. 352; same case, 19 Ill. App. 549; Razor v. Razor, 149 Ill. 621; Hettinger v. Breiler, 54 Ill. App. 320; Am. & Eng. Encl. Pl. & Pr., title " Open and Close."

To satisfactorily determine whether the claimed right was properly or improperly denied in the case at bar, would involve the setting forth and discussion at much length of a perplexing record in respect of such matter. The case does not appear to have been tried or the instructions given upon any well defined theory with reference to which side had the affirmative, or as to what pleas were in issue.

There being other assigned error upon which the judgment must be reversed, we will content ourselves with a reference to the general rule respecting the right to open and close, without attempting to decide the correctness, or otherwise, of the application made of it to this case.

Among other pleas there was one of payment.   All the evidence relied upon to show payment was directed toward some collaterals given by defendant to secure payment of (among other notes) the note upon which the judgment sued on was recovered.

It was admitted by plaintiff at the trial that enough of such collaterals were collected after the judgment was obtained, to reduce the principal of the judgment from its original amount down to $134.33, and it was contended that the remaining collaterals were ` fully accounted for, and there was evidence tending to sustain the contention.

For the purpose of showing further payment the defendant was permitted to testify that the collaterals were never returned or accounted for, and to relate a conversation between himself and one of the attorneys for plaintiff, who held the collaterals for collection, in which the attorney told him that substantially all the collaterals were collected and that there would be a balance for him.

This testimony was admitted over the objection and exception of the plaintiff, without it being made to appear with any reasonable certainty as to the time when such conversation occurred. Upon his direct examination defendant testified that the conversation occurred in 1882, or 1883, which was after the recovery of the judgment sued on, but upon his cross-examination he said he could not tell and did not know whether the conversation took place after or before the judgment, although he thought it was after. Such evidence of payment is not very satisfactory at best, but in order that it shall be entitled to be considered at all it must clearly appear that the conversation relied upon occurred after the judgment was obtained.

All defenses of every kind that occurred before the judgment, must be treated as having been adjudicated by the judgment and merged in it. To permit a prior existing defense to be shown against a suit upon a judgment is to impeach the judgment, and is not permissible.

The evidence as to the conversation was erroneously permitted to go to the jury, and there being no other evidence sufficient to justify the verdict, we must conclude it was error of such a substantial character as to require a reversal of the judgment.

The judgment is reversed and the cause remanded.