### F. A. Nagle v. Herman W. Schnadt, Executor.

#### Gen. No. 4,876.

1. EVIDENCE—*how proof of handwriting may be made.* Proof of the genuineness of handwriting may be made by witnesses, not experts, who if they have more or less experience with respect to matters of handwriting may properly be permitted to state their conclusions for believing that a signature in question is genuine.

2. CROSS-EXAMINATION—*when undue restriction of, will not reverse.* The undue restriction of cross-examination will not reverse where the questions excluded were collateral to the main issue and would only have a bearing as tending to show some feeling or bias upon the part of the witness.

3. ARGUMENTS OF COUNSEL—*right to open and close.* The right to open and close is a substantial right and not one which may be granted or refused in the discretion of the trial judge.

4. ARGUMENTS OF COUNSEL—*when complaint cannot be made of denial of right to open and close.* A party cannot complain of the court's denial of his right to open and close an argument, where he has insisted in the lower court that the burden of proof was upon the other party (the defendant) and where the court adopted that theory of the case.

Contested claim in court of probate. Appeal from the Circuit Court of DuPage County; the Hon. LINUS C. RUTH, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed October 18, 1907.

JOHN S. STEVENS and WILLIAM H. FISCHER, for appellant.

BOTSFORD, WAYNE & BOTSFORD and S. L. RATHJE, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Appellant, F. A. Nagle, filed a claim in the County Court of DuPage county against the estate of Henry Schnadt, deceased, upon a note dated August 12, 1903, for the sum of $3,000 due two years after date, payable to the order of F. L. Schnadt, and by him indorsed in blank before maturity. Appellee, as executor of the last will of Henry Schnadt, deceased, filed an affidavit denying the signature. The claim was allowed in the County Court, an appeal taken to the Circuit Court, where a trial was had resulting in a verdict for appellee. A motion for a new trial was overruled, judgment was entered on a verdict, and the claimant appeals.

The only question of fact presented by this record, is whether the signature to the note was the genuine signature of Henry Schnadt, deceased. Two daughters, with whom

deceased lived the latter part of his life, their husbands and a man who had seen deceased write but once, and that three years before his death, testified that the signature to the note was the genuine signature of deceased.   Two bankers, with whom deceased had done business, with one for upwards of thirty years and with the other for the last three years of his life, two other men, one of whom had been assessor of the town where ·deceased lived, and who had seen him write a great many times, and a son of deceased, testified that this was not his genuine signature.   It was the province of the jury to weigh and consider the conflicting evidence, and reconcile it as far as they could, and if unable to do so, then to find a verdict according to the preponderance of all the evidence in the case.

This they have done, and so far as we can see, fairly, and with the result we are not dissatisfied.   It is not mere numbers of witnesses that should control, but a variety of considerations enters into the determination as to where the weight lies.   Of these are intelligence, fairness, means of information, and corroborating circumstances, which are more immediately under the observation of the trial judge and jury than of this court, as we neither see nor hear the witnesses testify.   This verdict having the approval of the trial judge, we are not inclined to disturb it.

Appellee was permitted to ask the assessor and one of the bankers, who had stated that the signature to the note was not the genuine signature of deceased, to explain wherein it differed.   It is urged that such questions are not permissible on the examination in chief except of expert witnesses.   We are of the opinion that a non-expert witness may point out or state the grounds of his opinion when testifying to the genuineness of a signature, when the reasons given constitute facts and do not savor of argument or conclusion.   If for instance, the witness could truthfully state that the party whose signature was under investigation, made the capital "H," the first letter of his Christian name, in a certain form invariably, and that the capital "H" in the signature under investigation was made in an entirely different form, we

are of the opinion that there would be no error in allowing the witness to state such fact. Mr. Greenleaf, referring to evidence based on the comparison of handwriting, says, "All evidence of handwriting, except where the witness saw the document written, is, in its nature, comparison. It is the belief which a witness entertains, upon comparing the writing in question with its exemplar in his mind, derived from some previous knowledge. The admissibility of some evidence of this kind is now too well established to be shaken. It is agreed that if the witness has the proper knowledge of the party's handwriting, he may declare his belief in regard to the genuineness of the writing in question. He may also be interrogated as to the circumstances on which he founds his belief. The point upon which learned judges have differed in opinion is, upon the source from which this knowledge is derived, rather than as to the degree or extent of it." 1 Greenleaf Ev., paragraph 576. In Kendall's Ex'r v. Collier, 97 Ky., 446, it was held that it was error to refuse to allow witnesses, not experts, who testified as to their belief that the signature to a note was not genuine, to state to the jury the reasons of such belief. The two witnesses in this case who were permitted to give reasons were more or less skilled in such matters by reason of their occupations and experience.

Appellee was permitted on cross-examination of certain witnesses of appellant, to ask whether they were satisfied with the will of deceased. In some instances this was objected to, and in others no objection was made. Appellant inquired of one of appellee's witnesses, a son of deceased, whether he was satisfied with his father's will, and a conversation between court and counsel ensued which practically amounted to sustaining appellee's objection thereto, and that is urged as unfair treatment of appellant, but as no exception was saved to that ruling, it is not for our consideration. The same witness was asked whether he had a difficulty with his brother Herman and whether their difficulties had been settled by the payment of money, to which the trial court sustained an objection. We are of opinion that the court

Nagle v. Schnadt.

might well have permitted these questions to be answered, but do not regard the refusal to do so as reversible error. They were upon a question collateral to the main issue and would only have a bearing as tending to show some feeling or bias.

By the affidavit filed by the executor, denying that deceased executed the note upon which the claim was founded, the burden was cast upon the plaintiff to prove the signature of deceased to the note. That was the only issue in the case. If deceased signed the note, then, so far as appears, claimant was an innocent holder thereof for value before maturity, and entitled to recover. The court gave defendant the right to open and close the arguments to the jury. The claimant duly preserved exceptions to that ruling, and defendant did make the opening and closing arguments to the jury. It is argued, in support of this action, that it was a matter within the sound discretion of the court, and that the judgment of the court will not be reversed on that account, unless it clearly appears the plaintiff was harmed thereby. This is too strong a statement. In Huddle v. Martin, 54 Ill., 258, it was held that as in that case the defendant had the burden of proof on the only issue, he had the right to open and close the case, and that it was error to deny it; but that such error would not be sufficient to reverse a judgment just in itself, when a fair trial had been had. In Kells v. Davis, 57 Ill., 261, where defendant had the affirmative on the special pleas after the general issue was withdrawn, and where it was held that the refusal of the court to permit the defendant to open and close the argument was a departure from the correct practice, still it was said it did not appear that the merits of the case were prejudiced thereby, and that so slight an error in practice ought not to reverse a judgment that does justice between the parties. In Carpenter v. First National Bank, 119 Ill., 352, where the court denied an application by defendant to open and close, the court quotes from Greenleaf to the effect that it is generally deemed a matter of discretion in the judge at the trial to grant plaintiff or defendant the opening and close, as is most conducive to the administration of justice. Yet it there appears that there was on file not only special

pleas, but also the general issue, and that defendant did not
withdraw the general issue, and that for that reason
defendant was not entitled to demand the opening and clos-
ing, so that the action of the court below was proper, as a
matter of strict right, and what was said about the matter
of discretion seems to have been unnecessary to a decision
of the case.   In Razor v. Razor, 149 Ill., 621, it was held
that the court correctly denied an application by defendant.
for permission to open and close the case, because there was
an issue left to be affirmatively maintained by the other side.
Yet the court said that the application might, in the exercise
of sound discretion, have been allowed.   In Geringer v.
Novak, 117 Ill. App., 60, it is suggested that the decision of
an application to open and close is largely within the dis-
cretion of the trial judge, and that error in that regard will
not reverse, unless it plainly appears that injury has re-
sulted therefrom.   It further appears, however, in that case,
that though the plaintiff's cause of action was admitted, the
damages were unliquidated, and plaintiff had to prove the
amount of his damages, and therefore was properly awarded
the right to open and close.   These are all the decisions in
Illinois which have come to our attention wherein it has
been suggested that this could be a matter of discretion in
the trial court.   On the other hand, there are many cases in
Illinois which hold that the party who has the affirmative of
the issue, the party against whom a judgment would run if
no evidence was offered by either party, has the privilege of
opening and closing to the jury, and that this is a substantial
right, to which he is entitled.   Harvey v. Ellithorpe, 26 Ill.,
418; Colwell v. Brower, 75 Ill., 516; Kent v. Mason, 79
Ill., 540; C., B. & Q. R. R. Co. v. Bryan, 90 Ill., 126;
McReynolds v. B. & O. Ry. Co., 106 Ill., 152; South Park
Commissioners v. Trustees of Schools, 107 Ill., 489; Bemis
v. Horner, 165 Ill., 347; Gardner v. Meeker, 169 Ill., 40.
In C., B. & Q. R. R. Co. v. Bryan, *supra,* it was held re-
versible error to deprive the party holding the affirmative of
the right to open and close.   South Park Commissioners v.
Trustees of Schools, *supra,* was reversed solely for error in

Nagle v. Schnadt.

permitting the defendant to open and close when the petitioner had the affirmative of the issue. The cases generally upon the subject of the right to open and close are collected and discussed in 17 Am. & Eng. Ency., 194 to 209, and in 15 Ency. Pl. & Pr., 181 to 201, and in a note to B. & W. R. R. Co. v. Wiggins, 61 L. R. A., 513, and in 1 Thompson on Trials, sections 226 to 233 inclusive. See also Williams v. Shup, 12 Ill. App., 454; Shadbolt v. Findeisen, 88 Ill. App., 432; 1 Greenl. Ev., sections 74 and 75.

An examination of all these authorities will show that in jurisdictions where there is no statute governing the right to open and close, it is generally held that it is not a matter resting merely in the discretion of the trial judge, but is a substantial right in the person who must introduce proof or a judgment will go against him, of which right he may not be deprived without committing reversible error, unless it appears that substantial justice has been done, and that the jury could not reasonably return a different verdict.

But claimant, appellant here, asked and obtained from the court an instruction to the effect that after the plaintiff had made proof of the execution of the note and the note had been admitted in evidence, as had been done in that case, then the burden of proof shifted to the executor, the defendant, "And he is bound to overcome the evidence so offered by the claimant, before they would be entitled to find that the note in question was not signed by Henry Schnadt." By this instruction the jury were in effect told that unless the evidence on the question of the genuineness of the signature preponderated in favor of the executor, the note should be allowed; or, in other words, that if the testimony as to whether or not this was the genuine signature of the deceased was evenly balanced, then claimant would be entitled to a verdict upon the note. This is said to be supported by a single sentence in Kitner v. Whitlock, 88 Ill., 513, where it is said that after such proof in made in such a case as to entitle the note to be read in evidence, the burden is shifted to the defendant to sustain his plea of *non est factum* before the jury. No authority is cited in support

of that decision, and it has never since been cited upon that subject in the courts of appeal in this State. It elsewhere appears there that the court was of opinion that the evidence offered by the plaintiff was sufficient to overcome the evidence offered by the defendant, and therefore the remark seems to have been unnecessary. It seems to us that the expression there used is slightly stronger than the law is, and that the court cannot have meant to say that where the sole issue is whether the signature to the note upon which the plaintiff sues is or is not genuine, the plaintiff can recover when the evidence on that subject is evenly balanced. It is said in Egbers v. Egbers, 177 Ill., 82, on page 88, that the term "burden of proof" has two distinct meanings. "Generally speaking, the burden of proof, in the sense of the duty of producing evidence, passes from party to party as the case progresses, while the burden of proof, meaning the obligation to establish the truth of the claim by a preponderance of evidence, rests throughout upon the party asserting the affirmative of the issue, and unless he meets this obligation upon the whole case, he fails. This burden of proof never shifts during the course of a trial, but remains with him to the end." Supreme Tent v. Stensland, 206 Ill., 124; Chicago Union Traction Co. v. Mee, 218 Ill., 9. The case of Riggs v. Powell, 142 Ill., 453, is not in point. There the widow held a note, payable to the order of deceased, bearing upon the back his apparent indorsement. The executor sought to take it from her under a petition for an order to have it declared the property of the estate. He asserted that the indorsement of the name of deceased on the back of the note was not genuine. It was necessary for him to prove that in order to recover. The widow, the holder of the note, was not asking any relief upon the note. The burden in that case was clearly upon the executor to prove that the signature was not genuine, and if he did not prove it, judgment would go against him.

The case then is that although the burden was upon the plaintiff, yet he induced the court to hold, as a matter of law, that the burden had passed to the defendant, and that

C., B. & Q. Ry. Co. v. Sack.

unless the defendant overcame the evidence offered by the claimant, the claimant was entitled to recover. If that position had been correct, then we should not regard it as error for the court to permit defendant to open and close. The claimant having taken the position in the court below that the burden was upon the defendant, and that the claimant must succeed unless his proof was overcome by defendant we think he cannot now be permitted to say that the court erred in permitting the defendant to open and close the argument to the jury.

The judgment is therefore affirmed.

*Affirmed.*