# Joseph H. Morse, Appellant, v. John Fuller, Appellee.

1. TRIAL—*when refusal to re-open case will not reverse.* It is within the sound discretion of the court to refuse to re-open a case to permit the introduction of additional testimony and the exercise of such discretion by the court will not result in reversal unless an abuse is shown.

2. TRIAL—*when giving defendant opening and closing will not reverse.* Even though the court may improperly give to the defendant the opening and closing arguments, such action will not result in a reversal, as the error is not sufficiently prejudicial.

3. INSTRUCTIONS—*when errors will not reverse.* If a case is not close on the facts and the evidence sustains the verdict rendered, errors in instructions will not necessarily work a reversal.

Appeal from the Circuit Court of DeWitt county; the Hon. W. G. Cochran, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 9, 1911.

William Monson and Edward J. Sweeney, for appellant.

L. O. Williams, for appellee.

Mr. Justice Frost delivered the opinion of the court.

This is an action brought by appellant to recover from appellee, an attorney at law, the amount of two notes which appellant claims he placed in appellee's hands for collection. Appellee claims he purchased the notes as agent for and with the money of one Griffith. A verdict and judgment was had for appellee, and this appeal is taken from that judgment.

It appears from the evidence that appellant was the owner and holder of two certain notes executed by one Joe B. Spicer, one of date June 17, 1904, for $300, due in ninety days, payable to appellant's order, and the other, of $500, of date July 15, 1904, due in six months, payable to the order of George B. Morse, and by Morse endorsed to appellant. Appellant claims that on August 1, 1904, he went to appellee's office and borrowed $200 from appellee and as collateral security, delivered to appellee the $300 note; that some weeks afterwards he again visited appellee's office, taking with him the $500 note mentioned and asked appellee if he could collect the two notes and appellee said he thought he could and that he then told appellant he would have to endorse both notes in order that judgment might be taken in another's name; that appellant then told appellee that when the notes were collected appellee should take out what appellant owed him, viz., the $200 previously borrowed, and another item of $120, and a $50 fee for the collection of said note; that he then turned over to appellee the $500 note.

Appellee afterwards, in December, 1905, obtained judgment in the name of Melvin M. Griffith on said notes for $866.23 and costs, and collected $700 on said judgment June 14, 1909.   Appellee claims that on August 1, 1904, appellant owed him the sum of $120, money borrowed April 21, 1901, and $126 for a horse which appellant had bought at an administrator's sale made by appellee in 1900 and that in consideration of such indebtedness and the further sum of $200 paid by appellee to appellant on that date appellant sold the notes; that the sale of said notes was made to Melvin M. Griffith, for whom appellee was then acting as agent, having in his possession, as he says, considerable money belonging to Griffith and that he repaid himself for the amount of appellant's indebtedness to him and the $200 advanced from the money of Griffith, then in appellee's hands.

Appellant was a witness for the plaintiff in the suit of Griffith against Spicer and testified that he sold the notes outright.   Griffith also testifies that the notes were purchased for him, and appellee testifies to the same effect.

At the close of all the evidence the trial court, over the objection of appellant, allowed appellee to withdraw the plea of the general issue and to have the opening and closing arguments.   Appellant insists this action of the court was erroneous.   Appellant also insists that appellee's fourth instruction to the jury, to the effect that the burden was on appellant to show by a preponderance of the evidence that the notes were left with appellee for collection, was erroneous and that the court erred in not permitting appellant, after the close of all the evidence, to introduce a bank book showing a payment of a hundred dollars to appellee, which he says was made on account of the purchase of the horse.   Appellant also claims that the court erred in modifying one of his instructions given to the jury,

by adding the words, "less any payments which the evidence shows have been made by Fuller on said amount," when there was no proof of any payments being made by Fuller, as he says.

It was a matter of discretion with the trial court whether or not he would allow evidence to be introduced after the case had been closed. It was not error on the part of the court in refusing to open the case to admit the proffered evidence.

With reference to the action of the court in allowing appellee to have the opening and closing arguments, we can only say that if this was an error it was not of such a serious character as to require a reversal of this case. In the case of Carpenter and others against the First National Bank, 119 Ill. 352, it is said on page 357: "Whether a plaintiff or a defendant shall have the opening and close of the case 'is generally deemed a matter of discretion to be ordered by the judge of the trial, as he may think most conducive to the administration of justice,' I Greenleaf on Evidence, sec. 76." In Huddle v. Martin, 54 Ill. 258, where the defendant, having admitted plaintiff's account and set up payment, held the affirmative, and, so, was entitled to open and conclude his case, but was not allowed to do so, it was held, that such an error "would not be sufficient to reverse a judgment just in itself, when a fair trial had been had upon the merits and on proper instructions." Upon the same subject it was said, in Kells v. Davis, 57 Ill. 261: "So slight an error in practice ought not to be a ground for the reversal of a judicial proceeding in all other respects regular and that does justice between the parties."

As to the modification of appellant's instruction number 3 by adding the words: "less any payments which the evidence shows have been made by Fuller on said amount," we do not regard this reversible error, as it might well refer to the amounts which appellant

admits he owed appellee and which of course should be deducted.

As to the varient instructions with reference to the burden of proof, we can only say that if this case was close upon the facts the giving of appellee's fourth instruction might call for a reversal of the case but it appears from the evidence that appellant had himself testified on a former trial that he sold these notes to Fuller and he admits on this trial that he gave such testimony and with the testimony of Fuller and Griffith to the same effect it leaves little room for doubt that appellee's version of the transaction was correct and that the notes were sold by appellant to appellee as agent of Griffith and not left with him for collection.

We are of the opinion that the verdict of the jury was correct upon the merits of the case, and that the errors assigned are not sufficient to call for a reversal. The judgment will be affirmed.

*Affirmed.*